### James W. Tufts *v.* J. Greenewald & Co.

1. Evidence. *Written contract. Interpretation.*
    A contract must be interpreted in the light of the circumstances and conditions under which it was entered into.

2. Evidence to Explain Writing.
    It is not competent to contradict or vary by parol the words of a written contract, but where the language used is susceptible of different meanings, it is competent to inquire what the parties understood it to mean.

3. Parol Testimony to Explain Writing. *Applying contract to subject-matter. Case in judgment.*
    Defendants contracted on April 15 with plaintiff for the purchase of a soda fountain, to be shipped by plaintiff from Boston. The written order provided among other things for transportation, " soon as possible." The fountain was not shipped until May 27, and defendants refused to accept it or pay therefor because of the delay in shipment. Plaintiff sued for the price. Defendants offered to prove that plaintiff's agent, at the time of sale, represented that the fountain was in stock, and could be forwarded promptly in time for use by May 15. *Held*, that the evidence did not vary or contradict the language of the written contract, but merely applied it to the subject-matter, and was therefore admissible.

APPEAL from the circuit court of Washington county.

HON. J. H. WYNN, Judge.

On the 15th April, 1887, defendants purchased from plaintiff's agent the soda water apparatus, for the value of which this suit was instituted. The contract of purchase was in writing, in the form of an order for the apparatus, signed by defendants, J. Greene-wald & Co. It directed plaintiff to forward the apparatus, and promised, upon receipt of bill of lading therefor, to execute install-ment notes for the price agreed to be paid, the title of the property to remain in plaintiff until payment was completed. Plaintiff lived in Boston, Mass., from which city the apparatus was to be transported over the "Star. Union line, soon as possible." The articles were shipped on May 27, and plaintiff testified that there was no unnecessary delay; that the order was received when the season for manufacturing and supplying soda fountains was at its highest; and that it ordinarily required at that season four weeks or more to fill an order; that there were no shipping instructions except that mentioned in the order to ship as "soon as possible," and that this had been done.

The defendant, J. L. Greenewald, testified that the contract for the purchase of said apparatus was made in Greenville, Mississippi, with an agent of the plaintiff; that at the time of the purchase the agent stated that plaintiff had the apparatus in stock, and that he could forward it in time for the opening of the season for selling soda water, viz. : May 15. That the agent further stated that it could be forwarded in time to permit defendants to use it at least a month before the maturity of the first installment note on June 1; that it was not shipped until May 27, and reached Greenville about June 10, after defendants had written a letter to plaintiff countermanding the order.

The plaintiff objected to the testimony as to the representations of the agent that the apparatus was in stock, and that it could be promptly shipped, because such testimony would vary the written contract, but the court overruled the objection, and held that con-temporaneous statements by the agent as to the time in which the apparatus could be forwarded were admissible.

On the foregoing state of facts a peremptory instruction was given by the court in favor of the defendants, and there was verdict and judgment accordingly; and from the judgment plaintiff appealed, and he assigns for error the action of the court in permitting evidence in behalf of defendants of verbal representations made by the agent of plaintiff at the time of sale of the apparatus.

*Griffin & Thomas*, for appellant.

The contract directed the plaintiff to forward the apparatus by Star Union line as "soon as possible." We contend that the testimony of Greenewald as to statements by the agent as to when he could ship it was improper and incompetent because it varied the written contract. To ship as "soon as possible" of course meant as soon as we or any other concern in this country engaged in a similar business, under the same circumstances, could do. The testimony of Greenewald would make the agreement one to ship by May 1 or May 15 instead of as soon as possible. The court declined to permit the witness to testify that the agent said he *would* ship, but allowed him to testify that he said he *could* ship it by May 1. As a matter of fact, the legal effect is the same. The word "*would*" could cause no greater variance in the terms of the contract than the word "*could*."

Such testimony cannot be said to be of the *res gestæ* of the contract, because it is not intimated that the contract had not been signed up when the conversation took place.

Plaintiff's proof shows that he complied with the contract and shipped as soon as possible; that there was no delay in shipping; the goods were shipped with the usual promptness, and only such delay as was necessary occurred. The defense did not prove that plaintiff could have shipped any sooner.

We find the words "as soon as possible" construed nowhere but in Benjamin on Sales, p. 641. In the case of *Atwater* v. *Emery*, there cited, the agreement of a manufacturer to deliver goods as soon as possible was construed to mean as soon as the vendor could with reference to his ability to furnish the articles, consistently with the execution of prior orders. An order for "iron hoops" on November 30, to be shipped "soon as possible," was held to have

been reasonably complied with by tender of them in February following. In the case of *Hydraulic Engineering Co.* v. *McHoffe*, in the same book, it was held that the seller's execution of prior orders was one which the purchaser might reasonably be presumed to have taken into account. Plaintiff's evidence is positive that all possible promptness was used in shipping, and this is not denied or rebutted by defendant.

*Phelps & Skinner*, for appellees.

There is no conflict in the testimony. The only difference upon questions of law is as to the admissibility of Greenewald's testimony, as to the agent's representation at the time of sale that he could ship the apparatus within a specified time. The court properly held that it did not alter or vary the contract in the least, but merely showed the circumstances under which it was made, as an aid to the court in determining whether the contract as written was complied with. Thus appellant agreed : (1) He could ship it by the Union Star line so as to reach Greenville by May 15. (2) He kept the apparatus in stock ready for shipment. (3) Appellant agreed to forward it as "soon as possible." From this the court concluded that it was understood by the order that the appellant was to "forward," not to manufacture and ship, before the 1st or 15th of May. Construing the words literally, it was "possible" to do so, and construing them liberally, or as meaning the same as within a "reasonable time," it was an unreasonable delay to wait until May 27 before shipment.

The necessity of having the full use of the apparatus during the profitable season sustains the opinion and judgment of the court. What is a most conclusive index of the intentions of the parties and the construction which they placed on the words used is the fact that the first installment note was to be payable June 1, prior to which, on receipt of bill of lading, a promissory note was to be executed for it. But the shipment was made May 27, and would be received too late for the execution of the note agreed to be payable June 1.

While counsel for appellant object to the competency of Greenewald's evidence showing the circumstances of the contract in aid of

its interpretation, they ground their whole contention on the same rule. For what purpose do they prove that Tufts is a manufacturer of soda fountains? The contract does not say that he is. Clearly for the purpose of showing that from the outside circumstances the parties may have intended to give the words " as soon as possible " more scope than would otherwise belong to them.

But for the fact that Tufts is an extraordinarily large manufacturer of soda fountains, and must accommodate a very large demand and therefore keep on hand a large number of the machines ready for sale and shipment, the argument would be supported by the authorities to some extent. But the language of the order is to " forward " the apparatus, which is in keeping with the agent's statement that it was in stock.

The action of the court in refusing a peremptory instruction for plaintiff, and giving that asked for by the defendant, was correct, and the judgment should be affirmed.

COOPER, J., delivered the opinion of the court.

The court did not err in permitting the defendant Greenewald to testify that the contract made between the firm and the agent of the plaintiff was for the purchase of a soda fountain then represented by the agent to be in stock and capable of immediate shipment. The testimony did not tend to contradict the written agreement but to apply it to its subject-matter. There is nothing in the agreement or order of shipment indicating that the plaintiff was to manufacture for the defendant a soda fountain, but because he was a manufacturer and known to be such by the defendants, he assumed that the shipment was to be as soon " as possible " after the fountain should have been made by him, and because it was so shipped that the defendants were by their contract bound to accept. The plaintiff thus unconsciously appeals to the same principle from which his objection seeks to preclude the defendants, viz.: that a contract shall be interpreted by the circumstances and conditions under which it was entered into. It is not competent to contradict or vary the written words which the parties have selected as the exponent of their contract, but where the language used is sus-

ceptible of different meaning, the law says it means what the parties understood it to mean. In the case before us the terms of the agreement may refer indifferently to a soda fountain to be thereafter manufactured and consigned to the defendants, or to one then in existence to be immediately forwarded. The plaintiff says that by reason of the fact that he was a manufacturer, he construed the contract to mean that the fountain was to be manufactured and sent to the defendants, and that this was done as soon as practicable. The defendants say that they intended to order a fountain then in stock and ready for immediate shipment, and that this was well understood by the agent of plaintiff. The testimony on their behalf, accepted by the jury as true, established this fact. Such evidence was competent to the issue joined, and the verdict, being fully supported by it, ought not to have been disturbed by the court. The motion for a new trial was therefore properly overruled.

*The judgment is affirmed.*